IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 30 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DONALD M. DOVE,

                Plaintiff,

            -against-

HON. SUPREME COURT J. PESCE;
DISTRICT ATTORNEY KINGS COUNTY,
CHARLES J. HYNES; ASSISTANCE [sic]
DISTRICT ATTORNEYS, LEONARD
JOBLOVE; THOMAS M. ROSS; ALLISON
AGEYEVA; POLICE OFFICER JOHN DOE,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13 CV 5766 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ROSS, United States District Judge:

    Plaintiff Donald M. Dove, currently incarcerated at Elmira Correctional Facility, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the complaint for failure to state a claim upon which relief may be granted.

## Background

    On or about April 17, 1986, plaintiff was convicted in Kings County of criminal possession of a weapon in the third degree, and sentenced to a term of incarceration of three to six years. Compl. at ¶ IV; People v. Dove, 130 A.D.2d 587; 514 N.Y.S.2d 1015 (1987). On January 14, 2010, plaintiff was convicted of assault in the second degree in Broome County. Compl. at ¶ IV; People v. Dove, 86 A.D.3d 715; 926 N.Y.S.2d 758 (2011). Plaintiff alleges that his Kings County conviction for criminal possession of a weapon in the third degree was incorrectly used as a predicate to sentence him as a persistent felony offender following the Broome County conviction. Plaintiff seeks monetary damages and an injunction expunging his conviction for criminal possession of a weapon in the third degree. Compl. at ¶ V.

1

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

In order to maintain a § 1983 action, plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or

2

laws of the United States." Id. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

Heck v. Humphrey

A state prisoner's § 1983 action is barred if success in that action would necessarily demonstrate the invalidity of confinement or its duration. The Supreme Court has made clear that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a state prisoner suing under § 1983 must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see also Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); see, e.g., Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006). The proper vehicle to request relief from illegal confinement is not § 1983, but rather a habeas petition. See Ingram v. Herrick, 475 F. App'x 793, 794 (2d Cir. 2012) (citing McKithen v. Brown, 481 F.3d 89, 102 (2d Cir. 2007)). On the other hand, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Heck, 512 U.S. at 487 (emphasis in original).

Plaintiff was convicted of two separate offenses following state court trials in both Kings and Broome counties. Plaintiff is still incarcerated for those convictions, and to date, he has been unsuccessful in challenging his convictions. Here, plaintiff is directly challenging his underlying convictions by arguing that (1) his first conviction for criminal possession of a weapon was based on an illegal stop and frisk, and (2) his sentence of twenty years to life following his second conviction for assault was in clear error. Compl. at ¶ 5. If any of these matters were decided in

plaintiff's favor, it would call into question the validity of his underlying convictions for which he is currently serving time. Thus, in accordance with Heck, his § 1983 causes of action must be dismissed.

Individual Defendants

Moreover, alternative bases exist to dismiss plaintiff's complaint as a matter of law. Plaintiff's claim against Judge Pesce must be dismissed, as judges have absolute immunity for acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Dupree v. Bivona, No. 07-4599-cv, 2009 WL 82717, at *1 (2d Cir. Jan. 14, 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quoting Stump, 435 U.S. at 356); see also McHenry v. Trager, No. 07 CV 5242, 2008 WL 115391, at *1 (E.D.N.Y. Jan. 10, 2008). Here, Judge Pesce's sentencing of plaintiff was clearly performed in his judicial capacity in connection with the state criminal proceedings, and thus, plaintiff's claims are foreclosed by absolute immunity.

Further, to the extent plaintiff brings suit against Charles J. Hynes in his official capacity, any such suit is barred by the Eleventh Amendment. As the Second Circuit has held, "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." Ying Jing Gan v. City of N.Y., 996 F.2d 522, 536 (2d Cir. 1993) (citation omitted). Accordingly, a district attorney faced with a suit for damages stemming from acts taken in "his official capacity . . . is entitled to invoke the Eleventh Amendment immunity belonging to the state." Id. at 529 (citations omitted); accord McFadden v. City of N.Y., No. 10-CV-1176, 2010 WL 1930268, at *1-2 (E.D.N.Y. May 11, 2010) (dismissing section 1983 claims against Queens County District Attorney). To the extent plaintiff

seeks to bring suit against Hynes in his individual capacity, the complaint does not plead sufficient facts showing his "personal involvement," Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006), in the criminal prosecution of plaintiff.

In addition, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)); see also Shmueli v. City of N.Y., 424 F.3d 231, 236-37 (2d Cir. 2005); Bankhead v. Chu, No. 10-CV-510, 2010 WL 935371, at *2 (E.D.N.Y. Mar. 11, 2010) (dismissing claim for monetary damages against the assistant district attorney in charge of plaintiff's criminal case, based on immunity). Accordingly, to the extent that plaintiff seeks to bring a claim against Assistant District Attorneys Joblove, Roos, and Ageyeva for their role in prosecuting his criminal action, they are protected by absolute immunity.

Finally, plaintiff fails to make any factual allegations against defendant John Doe officer. Iqbal, 556 U.S. at 678 (the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face).

## Conclusion

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff's request for injunctive relief is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
ALLYNE R. ROSS
United States District Judge

Dated: October 30, 2013
Brooklyn, New York